**Gary Raymond SULT, Plaintiff,**

v.

**PRISON HEALTH SERVICES POLK COUNTY JAIL, Defendants.**

**No. 92–266–Civ–T–17C.**

United States District Court,
M.D. Florida,
Tampa Division.

Nov. 9, 1992.

Gary Raymond Sult, pro se.

James Orrin Williams, Jr., Derrevere & Williams, West Palm Beach, Fla., for respondent.

## ORDER

KOVACHEVICH, District Judge.

This cause is before the Court on Defendant Prison Health Services' motion to dismiss Plaintiff Gary Raymond Sult's Civil Rights Complaint filed pursuant to 42 U.S.C. § 1983. (Docket No. 8)

This Court must read Plaintiff's *pro se* allegations in a liberal fashion. *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). Plaintiff's complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that Plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957). A claim cognizable under 42 U.S.C. § 1983 must state that Plaintiff's rights were violated by a person acting under color of state law.

42 U.S.C. § 1983 affords a remedy for individuals whose rights have been deprived by a person acting under color of state law. Plaintiff is a prisoner incarcerated in the Polk County Jail. Through § 1983, Plaintiff claims that Defendant has violated his Eighth Amendment guarantee against infliction of cruel and unusual punishments by withholding, or providing inadequate, medical care. U.S. Const. amend. VIII. The standard for review of a prisoner's claim of a violation of 42 U.S.C. § 1983 arising from inadequate or insufficient medical care is set forth by the United States Supreme Court in *Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). "[D]eliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' ... proscribed by the Eighth Amendment". *Id.*, at 104, 97 S.Ct. at 291.

The Eleventh Circuit has consistently held that knowledge of a prisoner's need for medical care and intentional refusal to provide that care meets the deliberate indifference requirement of *Estelle*. *Mandel v. Doe*, 888 F.2d 783, 788 (11th Cir.1989). *See also Carswell v. Bay County*, 854 F.2d 454, 457 (11th Cir.1988); *Ancata v. Prison Health Services Inc.*, 769 F.2d 700, 704 (11th Cir.1985); *Fielder v. Bosshard*, 590 F.2d 105, 108 (5th Cir.1979).

Analysis of Plaintiff's claim in this matter has two components. First this Court must evaluate whether there was evidence of a serious medical need; if so this court must then consider whether Defendant's response to that need amounted to deliberate indifference. *Mandel*, at 788; *see also West v. Keve* 571 F.2d 158, 161 (3rd Cir.1978), *cited in Mandel*, at 788.

The complaint and attached medical records in this action set forth facts indicating that Plaintiff is suffering from back pain resulting from an injury sustained prior to his incarceration in the Polk County Jail, and that Plaintiff has sought medical attention from Defendant for this condition. Since his incarceration Plaintiff has filed numerous requests for medical attention to his back pain. Thus, it is apparent that Plaintiff has alleged evidence of serious medical need in this case.

The next question for consideration is whether Plaintiff has set forth facts which could establish callous indifference to his medical needs. The facts present in the complaint and the attached medical records clearly indicate that Plaintiff has been examined by prison physicians and medical personnel on a number of occasions, and that Plaintiff has been prescribed medication for treatment of his condition. Plaintiff's complaint alleges that he requires an MRI examination or referral to a specialist for further evaluation of his condition. Whether diagnostic techniques or particular forms of treatment are indicated is a matter for medical judgement. A medical decision not to order such measures does not represent cruel and unusual pun-

ishment. *Estelle*, 429 U.S. at 107, 97 S.Ct. at 293. Thus, Plaintiff's allegations concerning these matters do not constitute a valid claim for relief under 42 U.S.C. § 1983.

Plaintiff has set forth no other facts in the Complaint or in his reply to the Motion to Dismiss that constitute an allegation of deliberate indifference to his serious medical needs. To the contrary, the facts set forth in these pleadings indicate that Plaintiff has been examined by Defendant's physicians and received prescribed medication for treatment of his condition. At most, the allegations in the complaint state a claim of medical malpractice. "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle*, at 106, 97 S.Ct. at 292.

Based on the forgoing, it appears beyond doubt that Plaintiff can prove no set of facts in support of his claim that would entitle him to relief in this matter under. Accordingly, it is

ORDERED that Defendant's Motion to Dismiss (Docket No. 8) is granted and that the complaint and this action are hereby dismissed.

DONE AND ORDERED.