**Ernestine LOVE, Plaintiff,**

v.

**FORTIS BENEFITS INS. CO., Defendant.**

**No. CIV.A. 00–A–1265–N.**

United States District Court, M.D. Alabama, Northern Division.

Nov. 7, 2000.

---

998

Robert S. Thompson, Tuskegee, AL, for plaintiff.

J. Beth Moscarelli, Montgomery, AL, Steven Casey, Birmingham, AL, for defendant.

## MEMORANDUM OPINION

ALBRITTON, Chief Judge.

### I. INTRODUCTION

This cause is before the court on a Motion to Remand, filed by the Plaintiff, Ernestine Love ("Love"), on October 11, 2000 (Doc. # 7); a Motion to Dismiss or in the Alternative a Motion for Summary Judgment (Doc. # 3) filed by the Defendant, Fortis Benefits Insurance Company ("Fortis"), on September 22, 2000; and a Motion to Strike (Doc. # 4) filed by Fortis on September 22, 2000.

Love originally filed her Complaint in this case in the Circuit Court of Bullock County, Alabama, Love has brought state law claims against the Defendant arising from the denial of long term disability insurance benefits. These claims are for breach of contract (Count I), bad faith (Count II), suppression (Count III), fraudulent misrepresentation (Count IV), and negligence (Count V).

On September 15, 2000, Fortis filed a Notice of Removal, contending that Love's claims are completely preempted by the Employee Retirement Income Security Act of 1974 ("ERISA"), so that this court has subject matter jurisdiction over the case. The grounds for Fortis' Motion to Strike and Motion to Dismiss or for Summary Judgment are also that Love's state law claims are completely preempted by ERISA.

Love's subsequent Motion to Remand and her response to the Motions to Strike and to Dismiss contest that her claims are completely preempted by ERISA.

For reasons to be discussed, the Motion to Remand is due to be DENIED and the Motion to Dismiss is due to be GRANTED without prejudice to Love filing her claims under ERISA.

## II. *APPLICABLE STANDARDS*

### A. *MOTION TO REMAND STANDARD*

██ Federal courts are courts of limited jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994); *Burns v. Windsor Insurance Co.*, 31 F.3d 1092, 1095 (1994); *Wymbs v. Republican State Executive Committee*, 719 F.2d 1072, 1076 (11th Cir.1983), *cert. denied*, 465 U.S. 1103, 104 S.Ct. 1600, 80 L.Ed.2d 131 (1984). As such, federal courts only have the power to hear cases that they have been authorized to hear by the Constitution or the Congress of the United States. *See Kokkonen*, 511 U.S. at 377, 114 S.Ct. 1673. Because federal court jurisdiction is limited, the Eleventh Circuit favors remand of removed cases where federal jurisdiction is not absolutely clear. *See Burns*, 31 F.3d at 1095.

### B. *MOTION TO DISMISS STANDARD*

A court may dismiss a complaint for failure to state a claim only if it is clear that no relief could be granted under any set of facts that could be proven consistent with the allegations in the complaint. *See Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984); *see also Wright v. Newsome*, 795 F.2d 964, 967 (11th Cir.1986) ("[W]e may not . . . [dismiss] unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claims in the complaint that would entitle him or her to relief.") (citation omitted). The court will accept as true all well-pleaded factual allegations and will view them in a light most favorable to the nonmoving party. *Hishon*, 467 U.S. at 73, 104 S.Ct. 2229. Furthermore, the threshold is "exceedingly low" for a complaint to survive a motion to dismiss for failure to state a claim. *Ancata v. Prison Health Services, Inc.*, 769 F.2d 700, 703 (11th Cir.1985).

## III. *FACTS*

Love alleges that while she was employed with Columbus Mills d/b/a Beaulieu of America ("Columbus Mills"), she purchased a long term disability insurance policy from Fortis. According to Love, when she made a claim on that policy in December of 1988, her claim was denied on the basis of a pre-existing condition. Love states that the insurance policy was not endorsed by her employer.

Fortis has provided a copy of the application for insurance and a Declaration of one of its sales representatives who states that the Vice–President of Columbus Mills selected the particular Fortis policy, including deductibles used to fund the plan. *See* Declaration of David Gilbert pages 1–2. According to this Declaration, Columbus Mills contractually agreed to offer the Fortis policy to its employees over a variety of other insurance products. *Id.* at page 2. Columbus Mills also determined the employees who would be allowed to participate. *Id.; see also* Application for Insurance. Fortis did not administer the plan. Columbus Mills paid a third party administrator to administer the plan. Declaration at page 2. Columbus Mills also participated in administering the plan by being responsible for submitting enrollment forms to the third party administrator and for providing termination notices to the third party administrator. *Id.* The Declaration also states that Columbus Mills attempted to renegotiate the terms of the preexisting condition provision of the contract. *Id.* According to Fortis' brief, when Fortis decided not to change the provision, Columbus Mills canceled the policy. Finally, according to the Declaration, when Fortis determined that Columbus Mills had made an overpayment, Fortis issued a check to Columbus Mills, not to the individual employees. *Id.*

## IV. DISCUSSION

Removal of a case to federal court is only proper if the case originally could have been brought in federal court. *See* 28 U.S.C. § 1441(a). In this case, Fortis argues that removal was proper because the court has federal question jurisdiction. Federal question jurisdiction requires that the action arise under the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 1331. In deciding whether a federal question exists, the court must apply the well-pleaded complaint rule whereby the court looks to the face of the complaint, rather than to any defenses asserted by the defendant. *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987). Consequently, the general rule is that a case may not be removed to federal court on the basis of a federal defense, including the defense of preemption. *See Caterpillar*, 482 U.S. at 393, 107 S.Ct. 2425.

There is, however, an exception to the well-pleaded complaint rule which the Defendants claim applies in the present case to give this court federal question jurisdiction. This exception is known as the "complete preemption" doctrine. *Id.* The doctrine of complete preemption is distinguished from a simple defense of preemption in that simple preemption is a question of whether a defense is available under federal law, while complete preemption is a jurisdictional question which focuses on Congress' intent to make the cause of action a federal cause of action and removable despite the fact that the plaintiff's complaint identifies only state claims. *Whitman v. Raley's Inc.*, 886 F.2d 1177, 1181 (9th Cir.1989). Therefore, where the removal petition demonstrates that the plaintiff's claims, although couched in the language of state law claims, are federal claims in substance, the preemptive force of federal law provides the basis for removal jurisdiction. *See Avco Corp. v. Aero Lodge No. 735*, 390 U.S. 557, 88 S.Ct. 1235, 20 L.Ed.2d 126 (1968).

The Supreme Court has determined that the uniform regulatory scheme established by ERISA is one area in which Congress intended to provide for complete preemption. *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 64–67, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987). Congress' intent is evidenced in the statutory provision of ERISA which provides that ERISA shall supersede state laws insofar as they may relate to any employee benefit plan. 29 U.S.C. § 1144(a). Therefore, if state law claims "relate to" an ERISA plan within the meaning of ERISA's preemption provision under 29 U.S.C. § 1144(a), the claims are converted to federal claims for the purposes of removal jurisdiction. *Taylor*, 481 U.S. at 60, 107 S.Ct. 1542.

In this case, Fortis contends that complete preemption under ERISA gives this court subject matter jurisdiction. In conducting complete preemption analysis in this case, the court is guided by the Eleventh Circuit's framework of analysis in *Butero v. Royal Maccabees Life Insurance Company*, 174 F.3d 1207 (11th Cir.1999). In *Butero*, the court explained that the requirements of complete preemption are that there must be a relevant ERISA plan, the plaintiff must have standing to sue under the plan, the defendant must be an ERISA entity, and the complaint must seek compensatory relief akin to that available under 29 U.S.C. § 1132(a). *Id.* at 1213. Here, the required element at issue is the existence of an ERISA plan. Accordingly, the court begins its analysis with ERISA's statutory scheme.

In relevant part, ERISA defines the terms "employee welfare benefit plan" and "welfare plan" as:

> any plan, fund, or program which ... is ... established or maintained by an employer ... to the extent that such plan, fund, or program was established or is maintained for the purpose of providing for its participants ... through the purchase of insurance or otherwise, ...

benefits in the event of sickness, accident, disability, [etc.] . . . .

29 U.S.C. § 1002(1).

The Eleventh Circuit has stated that an ERISA employee welfare plan requires: (1) a plan, fund, or program (2) established or maintained (3) by an employer (4) for the purpose of providing disability benefits (5) to participants or their beneficiaries. *Donovan v. Dillingham*, 688 F.2d 1367, 1371 (11th Cir.1982).

Love's argument is that there is no ERISA plan because the regulatory safe harbor which exempts certain group insurance from the definition of employee benefit welfare plan applies in this case.

The Department of Labor's "safe harbor" regulation which exempts some employee welfare benefit plans from ERISA coverage provides:

(j) *Certain group or group-type insurance programs.* For purposes of title I of the Act and this chapter, the terms "employee welfare benefit plan" and "welfare plan" shall not include a group or group-type insurance program offered by an insurer to employees or members or an employee organization under which

(1) No contributions are made by an employer or employee organization;

(2) Participation [in] the program is completely voluntary for employees or members;

(3) The sole functions of the employer or employee organization with respect to the program are, without endorsing the program, to permit the insurer to publicize the program to employees or members, to collect premiums through payroll deductions or dues checkoffs and to remit them to the insurer; and

(4) The employer or employee organization receives no consideration in the form or cash or otherwise in connection with the program, other than reasonable compensation, excluding any profit, for administrative services actually rendered in connection with payroll deductions or dues checkoffs.

29 C.F.R. § 2510.3–1(j).

Fortis does not dispute that elements one, two, and four of the safe harbor test have been met. Fortis does contend, however, that the third element cannot be met. For the safe harbor provision to apply, all four elements must be met. *See Gahn v. Allstate Life Ins. Co.*, 926 F.2d 1449, 1452 (5th Cir.1991).

The Eleventh Circuit has determined that the third element of 29 C.F.R. § 2510.3–1(j), "explicitly obliges the employer who seeks its safe harbor to refrain from any function other than permitting the insurer to publicize the program and collecting premiums." *Butero*, 174 F.3d at 1213. In *Butero*, the employer picked the insurer and decided on key terms of the insurance plan, decided which employees were eligible to participate in the plan, and reserved the power to alter or amend parts of the insurance plan for tax purposes. *Id.* The court concluded that the employer's actions took it outside of the safe harbor provision. *Id.*

This court has also examined the third element of the safe harbor provision. This court determined that the relevant issue is whether the employer stepped over the line from neutrality to active endorsement. *Stoudemire v. Provident Life and Acc. Ins. Co.*, 24 F.Supp.2d 1252 (M.D.Ala. 1998). In so doing, this court relied on analysis from the First Circuit to the effect that:

as the regulation itself indicates, remaining neutral does not require an employer to build a moat around a program or to separate itself from all aspects of program administration. Thus, as long as the employer merely advises employees of the availability of group insurance, accepts payroll deductions, passes them on to the insurer, and performs other ministerial tasks that assist the insurer in publicizing the program, it will not be deemed to have endorsed the program under section 2510.3–

1(j)(3).... It is only when an employer purposes to do more, and takes substantial steps in that direction, that it offends the ideal of employer neutrality and brings ERISA into the picture.

*Id.* 1256 (quoting *Johnson v. Watts Regulator Co.,* 63 F.3d 1129, 1134 (1st Cir. 1995)).

■ In this case, Love has provided evidence for this to court to consider which consists of an Affidavit wherein she states that "to my knowledge" the only involvement of her employer was to allow the insurance agent to talk with her and to collect premiums through payroll deductions. Plaintiff's Affidavit at ¶ 5. The Declaration provided by Fortis, however, demonstrates that Columbus Mills had significantly more involvement than the actions of which Love says that she was aware. Under Fortis' evidence, the employer chose the insurer, chose the policy which would be provided and the deductibles to fund the plan, determined which employees would be eligible to receive the benefit, paid a third-party administrator, aided the third party administrator in the administration of the plan by submitting enrollment forms and termination notices to the third party administrator, and attempted to negotiate a change in the terms of the insurance policy. *See* Declaration of David Gilbert; *see also* Application for Insurance. Although given a chance to Reply in support of the Motion to Remand, Love has not filed any Reply to Fortis' arguments based on this evidence.

As the *Butero* court pointed out, the regulation at issue itself limits the actions which are included in the safe harbor to permitting the insurer to publicize the program and collecting premiums. Columbus Mills, like the employer in *Butero,* did much more. Accordingly, this court must conclude that Columbus Mills' actions went beyond mere neutrality to "endorsement" of the plan, so that the third element of the safe harbor test is not met. *See Butero,* 174 F.3d at 1213.

The court's inquiry does not end merely because the safe harbor does not apply, however. *See id.* at 1214. The court must determine whether the insurance policy otherwise qualifies as an "employee welfare benefit plan." As earlier stated, the elements of an ERISA plan are (1) a plan, fund or program (2) established or maintained, (3) by an employer, (4) to provide beneficiaries, (5) death benefits through an insurance policy. 29 U.S.C. § 1002(1). Aside from the safe harbor argument, which this court has found to be unavailing, elements one, three, four, or five are not in dispute in this case.

■ The second element, that the plan was "established," is satisfied "when there has been some degree of implementation by the employer going beyond a mere intent to confer a benefit." *Butero,* 174 F.3d at 1214. In this case, the court finds that the same evidence which was relevant to the safe harbor analysis indicates that the employer "established" the plan. *Id.* There is evidence that the employer chose the plan, determined who would be eligible to participate, paid a third-party administrator, and provided enrollment forms and termination notices to the administrator. Such actions went beyond a mere intent to confer a benefit, and are similar to the actions of the employer in *Butero* which the Eleventh Circuit held to be sufficient to have "established" a plan. *See Butero,* 174 F.3d at 1214. Accordingly, the court finds that the insurance policy in this case meets the definition of an ERISA plan because the policy is a(1) plan or program, (2) established or maintained, (3) by Columbus Mills, (4) for the purpose of providing disability benefits, (5) to participating Columbus Mills employees. *See Donovan,* 688 F.2d at 1370.

■ Any of Love's claims which relate to the ERISA plan are preempted. *See* 29 U.S.C. § 1144(a). The Supreme Court has stated that the words "relate to" in ERISA's preemption provision should be

broadly construed in that a particular state law claim "relates to" an ERISA plan if the state law claim has a "connection with or reference to" an employee benefit plan. *Shaw v. Delta Air Lines, Inc.,* 463 U.S. 85, 96–97, 103 S.Ct. 2890, 77 L.Ed.2d 490 (1983). Such a determination must be made with a common sense view of the matter. *Metropolitan Life Ins. Co. v. Massachusetts,* 471 U.S. 724, 105 S.Ct. 2380, 85 L.Ed.2d 728 (1985). Even a state law with only an indirect effect on a benefit plan can be preempted unless it affects the plan in "too tenuous, remote, or peripheral a manner." *Shaw,* 463 U.S. at 100 n. 21, 103 S.Ct. 2890.

■ Claims which are "related to" ERISA plans are those claims which specifically refer to and would affect an ERISA plan, would contravene the structure or purpose of ERISA, would require a construction of the benefit plan, or would mandate an interpretation of the statutory duties of one of the parties to the plan. *See Consumer Benefits Ass'n v. Lexington Ins. Co.,* 731 F.Supp. 1510, 1515 (M.D.Ala. 1990). Such claims include state law claims for bad faith, breach of contract, and fraud. *Butero,* 174 F.3d at 1214.

■ In this case, Love states that the "thrust of Plaintiff's Complaint concerns the non-payment of benefits that were due to Love under her disability insurance policy . . . ." Plaintiff's Response to the Motion to Dismiss, page 1. Even under Love's characterization of her claims, therefore, her claims stem from an allegedly improper denial of benefits, and therefore relate to an ERISA plan. *See Garren v. John Hancock Mut. Life Ins. Co.,* 114 F.3d 186, 187 (11th Cir.1997) (noting that a state law claim relates to an ERISA plan for purposes of preemption "whenever the alleged conduct at issue is intertwined with the refusal to pay benefits"). Count I of Love's complaint, the breach of contract claim, relates to the ERISA plan. *See Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 63, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987); *Butero,* 174 F.3d at 1214. Count II, a claim for bad faith, also relates to the ERISA plan because the court would have to examine the ERISA plan to determine if the benefits were wrongly denied. *See Butero,* 174 F.3d at 1214. To analyze Counts III and IV, the suppression and misrepresentation claims, a court would have to examine the policies and assess the truth of the representations, or the failure to disclose facts, about the policies in deciding these claims, so these claims also relate to the ERISA plan. *See Sanson v. General Motors Corp.,* 966 F.2d 618, 621 (11th Cir.1992); *Butero,* 174 F.3d at 1214. The court comes to the same conclusion with respect to Count V, which asserts that Fortis negligently failed to investigate Love's claim for benefits and refused to pay her claim without a reasonable basis for the refusal, because it is also based on the refusal to pay benefits under the policy. Because Loves' claims "relate to" the ERISA plans, they are all preempted by the ERISA statute and are due to be dismissed. *See Henry v. Robey–Barber Ins. Services Corp.,* 777 F.Supp. 1554, 1555 (M.D.Fla.1991)(dismissing state law claims without prejudice for failure to state a claim for which relief can be granted where the claims are preempted by ERISA).

## V. CONCLUSION

Because Love has asserted state law claims for denial of benefits which are completely preempted by ERISA, this court has federal question jurisdiction over Love's claims. Accordingly, the Motion to Remand is due to be DENIED. In addition, because Love's claims are completely preempted, Fortis's Motion to Dismiss the Plaintiff's State Law Claims is due to be GRANTED. Love will be given an opportunity to file an Amended Complaint stating a claim under ERISA, should she choose to do so. A separate order will be entered in accordance with this Memorandum Opinion.