**Kathy HARRELSON, Plaintiff,**

v.

**BLUE CROSS AND BLUE SHIELD OF ALABAMA, et al.,**
**Defendants.**

**No. CIV. A. 01–A–550–N.**

United States District Court,
M.D. Alabama,
Northern Division.

July 25, 2001.

Blaine C. Stevens, Christopher P. Turner, Gregory L. Watt, Dothan, AL, for Plaintiff.

Duncan B. Blair, Wm. Inge Hill, Jr., Montgomery, AL, for Defendant.

### MEMORANDUM OPINION

ALBRITTON, Chief Judge.

### I.  INTRODUCTION

This matter comes before the court on a Motion to Dismiss Portion's [sic] of Complaint (doc. # 3) and a Motion to Remand (doc. # 4) filed by Plaintiff Kathy Harrelson ("Plaintiff") on May 15, 2001. Plaintiff originally filed a Complaint against Defendant Blue Cross and Blue Shield of Alabama ("Defendant") and multiple fictitious defendants in the Circuit Court for Barbour County, Alabama on April 12, 2001. Defendant filed a Notice of Removal in this court on May 3, 2001. The Notice of Removal contends that the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, et seq., completely preempts Plaintiff's state law claims, so that the court has subject matter jurisdiction over the case. In her Motion for Remand, Plaintiff contends that ERISA does not completely preempt Plaintiff's bad faith claim.

For the reasons herein discussed, the Motion to Dismiss is due to be GRANTED and the Motion to Remand is due to be DENIED.

### II.  BACKGROUND

In August 1999, Plaintiff had medical insurance under a COBRA insurance plan issued by Defendant. At that time, Plaintiff was diagnosed as suffering from serious hip problems and was scheduled to receive surgery as soon as possible in order to prevent the need for total hip replacement. Defendant initially denied Plaintiff's request for hip surgery on or about September 9, 1999. After numerous contacts with Defendant, Defendant finally approved Plaintiff for surgery on or around January 28, 2000. Plaintiff scheduled her surgery for March 28, 2000. In February of 2000, Plaintiff's doctor took x-rays of Plaintiff's hips and determined that her hips had deteriorated too much and that she required total hip replacement. On or about February 26, 2000, Plaintiff received a letter from Defendant informing Plaintiff that her insurance had now expired and informed her that Defendant had two other plans that she could elect. She selected one of those two plans. Plaintiff had her right hip totally replaced

on May 3, 2000, and her left hip replaced on August 24, 2000.

Plaintiff in turn filed this instant suit against Defendant. The Complaint alleges counts of bad faith (Court I); breach of contract (Count II); negligent and wanton refusal to approve an insurance claim (Count III); and wanton hiring, training, and supervision (Count IV). As to the bad faith claim, Plaintiff asserts that Defendant violated its duty to act in good faith by failing to properly investigate Plaintiff's claim and by refusing and/or delaying the approval of Plaintiff's claims.

### III. *REMAND STANDARD*

█ Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir.1994). As such, federal courts only have the power to hear cases that they have been authorized to hear by the Constitution or the Congress of the United States. *Kokkonen*, 511 U.S. at 377, 114 S.Ct. 1673. Because federal court jurisdiction is limited, the Eleventh Circuit favors remand of removed cases where federal jurisdiction is not absolutely clear. *Burns*, 31 F.3d at 1095.

### IV. DISCUSSION

The central issue in this case is whether Plaintiff's state law claim for bad faith is preempted by ERISA. Plaintiff does not contest Defendants' allegations in the Notice of Removal that the COBRA plan in question is a continuation of coverage under an ERISA plan of her former employer, but asserts that her bad faith claim is not completely preempted by ERISA because a claim for bad faith includes more than just compensatory relief. Alternatively, Plaintiff argues that ERISA does not completely preempt her state law claim for bad faith because it falls within ERISA's saving clause. Therefore, Plain-tiff asserts that this case should be remanded to state court.

### A. Complete Preemption

█ Removal of a case to federal court is only proper if the case originally could have been brought in federal court. 28 U.S.C. § 1441(a). One category of cases over which district courts have original jurisdiction are "federal question" cases—cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. In deciding whether federal question jurisdiction exists, the court must apply the well-pleaded complaint rule whereby the court looks to the face of the complaint. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987). Because a federal defense, including the defense of preemption, does not appear on the face of a well-pleaded complaint, a case may not be removed to federal court on the basis of a federal defense. *Id.* at 393, 107 S.Ct. 2425. One corollary of the well-pleaded complaint rule, however, is that Congress may so completely preempt a particular area that any civil complaint raising this select group of claims is necessarily federal in character. *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63–64, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987). Therefore, defendants may remove to federal court those state law actions that are completely preempted. *Butero v. Royal Maccabees Life Ins. Co.*, 174 F.3d 1207, 1212 (11th Cir.1999) (citing *Taylor*, 481 U.S. at 63–64, 107 S.Ct. 1542).

█ The Supreme Court has determined that the uniform regulatory scheme established by ERISA is one area in which Congress intended to provide for complete preemption. *Taylor*, 481 U.S. at 64–67, 107 S.Ct. 1542. ERISA's civil enforcement provision, 29 U.S.C. § 1132(a), provides the exclusive federal cause of action

for ERISA and preempts any state law action that creates an alternative remedy for obtaining benefits under an ERISA plan. *Pilot Life Ins. Co. v. Dedeaux,* 481 U.S. 41, 52–57, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987). A state law action that is preempted by § 1132(a) is not only preempted, but also displaced by § 1132(a) to the extent that complaints filed in state courts purporting to plead such state law causes of action are removable to federal court under 28 U.S.C. § 1441(b). *Taylor,* 481 U.S. at 64–67, 107 S.Ct. 1542. In determining whether to recharacterize a state law claim as an ERISA claim under § 1132(a), the Eleventh Circuit employs a four part test: (1) there must be a relevant ERISA plan, (2) the plaintiff must have standing to sue under the plan, (3) the defendant must be an ERISA entity, and (4) the complaint must seek compensatory relief akin to that available under § 1132(a). *Butero,* 174 F.3d at 1212.

■ The parties do not dispute that the first three parts of the test are satisfied. Plaintiff only contests whether a claim for bad faith under Alabama law seeks compensatory relief akin to that available under § 1132(a). Plaintiff asserts that because under a bad faith claim a plaintiff may recover punitive damages, a bad faith claim does not seek relief akin to that available under § 1132(a), which does not provide for punitive damages. The Eleventh Circuit, however, has already held that a claim for bad faith under Alabama law seeks compensatory relief akin to that available under § 1132(a). *Butero,* 174 F.3d at 1213. The court, therefore, finds that Plaintiff's claim for bad faith is completely preempted by ERISA.

### B. ERISA's Saving Clause

■ In addition to the complete preemption found in § 1132(a), ERISA contains an express preemption provision which provides that ERISA "supersede[s] any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." 29 U.S.C. § 1144(a). The exception to this preemption provision is the saving clause which provides that "nothing in [ERISA] shall be construed to exempt or relieve any person from any law of any State which regulates insurance." 29 U.S.C. § 1144(b)(2)(A). Courts have viewed this express preemption clause as a second kind of preemption, one that is separate from the complete preemption found in § 1132. *Butero,* 174 F.3d at 1211–12. This second kind of preemption is called "defensive" preemption and does not fall within the exception to the well-pleaded complaint rule so as to confer federal subject matter jurisdiction. *Id.* at 1212.

Although Plaintiff's bad faith claim is completely preempted, Plaintiff, nonetheless, contends that her bad faith claim avoids preemption by way of ERISA's saving clause because a bad faith claim regulates insurance. The Eleventh Circuit has held that a claim for bad faith under Alabama law does not regulate insurance, and thus, does not fall within the saving clause. *Belasco v. W.K.P. Wilson & Sons, Inc.,* 833 F.2d 277, 281 (11th Cir.1987). Plaintiff, however, asserts that the superseding Supreme Court decision in *UNUM Life Ins. Co. of Am. v. Ward,* 526 U.S. 358, 119 S.Ct. 1380, 143 L.Ed.2d 462 (1999), has implicitly overruled *Belasco.*[1] Based on

---

1. In *Ward,* the Supreme Court examined California's notice-prejudice rule, under which an insurer cannot avoid liability on the grounds a proof of claim is untimely, unless the insurer shows it was prejudiced by the delay. *Ward,* 526 U.S. at 363–64, 119 S.Ct. 1380. The plaintiff filed an untimely application for disability benefits with his insurer, and his insurer denied his claim on the basis of its untimeliness. *Id.* The Supreme Court concluded that California's notice-prejudice rule was saved from preemption under § 1144(b)(2)(A) as a regulation of insurance. *Id.* at 364, 119 S.Ct. 1380.

the *Ward* decision, two district courts in this state have reasoned that Alabama's tort of bad faith regulates insurance and falls within ERISA's saving clause. *Gilbert v. Alta Health & Life Ins. Co.,* 122 F.Supp.2d 1267, 1273 (N.D.Ala.2000) (Johnson, J.); *Hill v. Blue Cross Blue Shield of Alabama,* 117 F.Supp.2d 1209, 1212–13 (N.D.Ala.2000) (Acker, J.).

The court, however, need not determine whether Alabama's tort of bad faith falls within the saving clause. Even assuming that it does, the bad faith claim may nonetheless be preempted if it conflicts with a substantive provision of ERISA. *Ingersoll–Rand v. McClendon,* 498 U.S. 133, 142, 111 S.Ct. 478, 112 L.Ed.2d 474 (1990) ("Even if there were no express pre-emption in this case, the Texas cause of action would be pre-empted because it conflicts directly with an ERISA cause of action."); *Corporate Health Ins., Inc. v. Texas Dept. of Ins.,* 215 F.3d 526, 539 (5th Cir.2000) ("[T]he saving clause does not operate if the state law at issue creates an alternative remedy for obtaining benefits under an ERISA plan."). Plaintiff's bad faith claim conflicts with ERISA's civil enforcement provision, § 1132(a), by creating an alternative remedy for obtaining benefits under an ERISA plan. Thus, as already stated, Plaintiff's bad faith claim is completely preempted. Where a court finds that a claim is completely preempted, it is necessarily preempted under the express preemption clause, § 1144(a). *Butero,* 174 F.3d at 1215 ("If the plaintiff's claims are super-preempted [i.e., completely preempted], then they are also defensively preempted [under § 1144(a) ]."); *Rice v. Panchal,* 65 F.3d 637, 646 n. 10 (7th Cir.1995) ("Where a claim is completely preempted under § 502(a) [, 29 U.S.C. § 1132(a),] it is necessarily preempted under § 514(a) [, 29 U.S.C. § 1144(a) ]."). The court, therefore, finds that Plaintiff's bad faith claim is completely preempted by § 1132(a), regardless of whether her claim falls within the saving clause. *Hardy v. Welch,* 135 F.Supp.2d 1171, 1184 (M.D.Ala.2000) (Thompson, J.) *See also* order to same effect entered by this court on July 25, 2001 in the case of *Hooper v. Albany International Corp. d/b/a Appleton Wire, et al.,* 149 F.Supp.2d 1315 (M.D.Ala. 2001).

While the *Ward* decision may have reinvigorated the saving clause, the decision did not overturn prior precedent holding that even assuming state law remedies fall within the savings clause, those remedies may still be preempted if they conflict with a substantive portion of ERISA, such as ERISA's civil enforcement provision. *Ward* explicitly did not revisit the issue of complete preemption and the exclusivity of ERISA's civil enforcement provision which it addressed in *Dedeaux.* In *Dedeaux,* the Supreme Court agreed with the Solicitor General's argument that ERISA's civil enforcement remedies were the exclusive vehicles for actions by ERISA-plan participants and beneficiaries asserting claims for benefits. 481 U.S. at 52, 107 S.Ct. 1549. Under *Dedeaux,* a state cause of action is completely preempted if it provides a remedy within the sphere of § 1132(a)'s coverage. *Id.* at 54–57, 107 S.Ct. 1549.

The Solicitor General in *Ward* altered the position taken by the United States in *Dedeaux* with regard to the issue of the exclusivity of § 1132(a) in light of the saving clause. *Ward,* 526 U.S. at 377 n. 7, 119 S.Ct. 1380. The Solicitor General took the position that *Dedeaux*'s discussion of § 1132(a) does not require a state law that falls within the saving clause to be deemed completely preempted if it provides a state-law cause of action or remedy. *Id.* The *Ward* court noted the Solicitor General's argument, but did not have to address it because (1) the plaintiff brought an

ERISA claim for benefits in federal court; and (2) the plaintiff sought only application of the saved state insurance law as a rule of decision and not as a remedy. *Id.* While *Ward* surely raises some eyebrows, because it does not reach the complete preemption issue it does not alter existing law regarding complete preemption. Accordingly, the court finds that Plaintiff's bad faith claim is completely preempted by ERISA, and Plaintiff's Motion to Remand is due to be denied.[2]

### C. Motion to Dismiss

■ Plaintiff has also moved to voluntarily dismiss Counts Two, Three and Four. Because Defendant has filed an answer prior to this motion, Plaintiff can dismiss these Counts only upon order of the court. Fed. R. Civ. Proc. 41(a). "[I]n most cases a dismissal should be granted unless the defendant will suffer clear legal prejudice, other than the mere prospect of a subsequent lawsuit, as a result." *McCants v. Ford Motor Co., Inc.*, 781 F.2d 855, 856–57 (11th Cir.1986). Defendant does not challenge Plaintiff's Motion to Dismiss. The court finds that Defendant will not suffer clear legal prejudice by dismissing without prejudice Counts Two, Three, and Four, all of which are completely preempted by ERISA. Accordingly, Plaintiff's Motion to Dismiss is due to be granted.

### IV. CONCLUSION

Because Plaintiff's bad faith claim is completely preempted by ERISA, the court has federal question jurisdiction over Plaintiff's claim. The court will give Plaintiff **until August 6, 2001** to submit an Amended Complaint which alleges a claim

under ERISA, if she wishes to do so. A separate order will be entered in accordance with this Memorandum Opinion.

### ORDER

In accordance with the Memorandum Opinion entered on this date it is HEREBY ORDERED as follows:

1. The Motion to Dismiss Portion's [sic] of Complaint (doc. # 3) filed by Plaintiff Kathy Harrelson is GRANTED. Counts Two, Three and Four of Plaintiff's complaint are DISMISSED without prejudice.

2. The Motion to Remand (doc. # 4) filed by Plaintiff is DENIED.

3. The Motion to Stay (doc. # 6) filed by Defendant is DENIED as moot.

4. Plaintiff may submit an Amended Complaint alleging a claim under ERISA **by August 6, 2001**. An Amended Complaint must be complete unto itself, and not incorporate allegations from the original Complaint. Local Rule 15.1. If no such Amended Complaint is filed, this case will be dismissed at that time.

---

**2.** Defendant also filed a motion to stay Plaintiff's Motion to Remand pending a decision by the Eleventh Circuit in the case of *Alta Health & Life Ins. Co. v. Gilbert*, CV–01–10829–GG.

Because the court rejects Plaintiff's Motion to Remand, Defendant's Motion to Stay is due to be denied as moot.