Robert S. HOOPER, Plaintiff,

v.

ALBANY INTERNATIONAL CORP. d/b/a Appleton Wire and First Fortis Life Insurance Company, Defendants.

CIV. A. No. 01–A–267–N.

United States District Court,
M.D. Alabama,
Northern Division.

July 25, 2001.

1316

**1318**

Alvin T. Prestwood, Montgomery, AL, for Plaintiffs.

Chris Mitchell, Charles A. Powell, IV, Birmingham, AL, for Defendants.

## MEMORANDUM OPINION

ALBRITTON, Chief Judge.

### I. INTRODUCTION

This cause is before the court on a Motion to Remand (doc. # 4) filed by the Plaintiff, Robert S. Hooper, on April 2, 2001. The Plaintiff originally filed this action on January 31, 2001, in the Circuit Court of Montgomery County, Alabama. Albany International Corp. d/b/a Appleton Wire ("Albany") filed a Notice of Removal on March 5, 2001. First Fortis Life Insurance Company ("First Fortis") filed a Consent to Removal on April 10, 2001.

For reasons to be discussed, the Motion to Remand is due to be DENIED.

### II. FACTS & PROCEDURAL HISTORY

Plaintiff alleges that while he was employed with Albany, he purchased a long-term and short-term disability insurance policy through Albany's Disability Benefits Program. Plaintiff claims that Albany sponsored and First Fortis administered the disability plan. According to Plaintiff, he became disabled on or about August 24, 1998. Plaintiff contends that sometime thereafter he made a claim for benefits under the plan, and that Albany and First Fortis (collectively "Defendants") failed to pay Plaintiff long-term disability benefits due under the plan.

Plaintiff's Complaint brings several state law claims against the Defendants arising from the denial of long-term disability insurance benefits. These claims are for breach of contract (Count I), fraudulent inducement (Count II), promissory fraud (Count III), negligent hiring and supervision (Count IV), and bad faith (Count V).

This case was removed to federal court only on the grounds of federal question jurisdiction, 28 U.S.C. § 1331. Albany's Notice of Removal, to which First Fortis has consented, contends that Plaintiff's claims are completely preempted by the Employee Retirement Income Security Act of 1974 ("ERISA"), so that this court has subject matter jurisdiction over the case. Albany filed its Notice of Removal on March 5, 2001, twenty-six days after it was served with legal process. First Fortis filed its Consent to Removal on April 10, 2001, one day after it received the summons and complaint in this case.

### III. REMAND STANDARD

Federal courts are courts of limited jurisdiction. See Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994); Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir.1994); Wymbs v. Republican State Exec. Comm. of Fla., 719 F.2d 1072, 1076 (11th Cir.1983), cert. denied, 465 U.S. 1103, 104 S.Ct. 1600, 80 L.Ed.2d 131 (1984). As such, federal courts only have the power to hear cases that they have been authorized to hear by the Constitution or the Congress of the United States. See Kokkonen, 511 U.S. at 377, 114 S.Ct. 1673. Because federal court jurisdiction is

limited, the Eleventh Circuit favors remand of removed cases where federal jurisdiction is not absolutely clear. *See Burns*, 31 F.3d at 1095.

## IV. DISCUSSION

Plaintiff raises four arguments in favor of remand. First, Plaintiff contends that Albany's Notice of Removal is defective because it was not joined by First Fortis. Second, Plaintiff argues that the "well-pleaded complaint rule" precludes removal in this case because no federal question is raised on the face of Plaintiff's Complaint. Third, in the event that Plaintiff's state law claims are completely preempted under ERISA, Plaintiff argues that 29 U.S.C. § 1144(b)(2)(A), the so-called "saving clause," would nevertheless require remand of the present dispute to state court. Finally, Plaintiff maintains that the Montgomery County Circuit Court has concurrent jurisdiction over this dispute and,

therefore, pursuant to Alabama case law, the Plaintiff should have his choice of forum. The court will take these arguments up in turn.

### A. Joinder of First Fortis in Notice of Removal

Plaintiff's argument relating to defective removal can be summarily rejected. It is true as a general rule that all defendants must join in a removal petition in order to effect removal. *Newman v. Spectrum Stores, Inc.*, 109 F.Supp.2d 1342, 1345 (M.D.Ala.2000).! If the record indicated that First Fortis had not joined in Albany's petition for removal, the issue of remand on that basis would require discussion. However, First Fortis has filed a Consent to Removal with the court.[1] Because the Plaintiff raises no other issues regarding procedural infirmities in this case, the court will move on to his next argument supporting remand.[2]

1. Plaintiff filed his brief supporting remand on April 2, 2001. First Fortis did not join in the Notice of Removal until April 10, 2001. This likely explains why Plaintiff, despite the opportunity afforded him by this court's Order of April 30, 2001, has not pressed his joinder argument further.

2. Even if the court were to construe Plaintiff's argument as relating to the timeliness of First Fortis' joinder in the Notice of Removal, the court would find such an argument unpersuasive given the facts of this case. While the majority rule is that a consent to removal must be filed within thirty days after the first defendant is served, *Newman*, 109 F.Supp.2d at 1346, First Fortis had not even been served by the Plaintiff until April 9, 2001, seven days after Plaintiff filed his Motion to Remand. First Fortis promptly filed its Consent to Removal on April 10, 2001. The purpose of the first served defendant rule, which requires that all **served** defendants join in a notice of removal within thirty days of service upon the first defendant, is to promote unanimity among the **served** defendants "without placing undue hardships on subsequently served defendants." *Getty Oil v. Insurance Co. of N. Am.*, 841 F.2d 1254, 1263 (5th Cir.1988); *see*

*also* 16 Moore's Federal Practice, § 107.30[3][a] (Matthew Bender 3d ed.). Subsequently served defendants may either "accept the removal or exercise their right to choose the state forum by making a motion to remand." *Id.* (citing 28 U.S.C. § 1448); *see also Lewis v. Rego Co.*, 757 F.2d 66, 68–69 (3d Cir.1985) (noting exception to the rule requiring that all defendants join in a removal petition where a defendant has not been served at the time the removing defendants file their petition); *Stuckey v. Illinois Central R.R. Co.*, No. 2:96CV47–B–A, 1996 WL 407247, *1–2 (N.D.Miss. June 05, 1996) (same); *Marshall v. Skydive America South*, 903 F.Supp. 1067, 1069 (E.D.Tex.1995) (same). Here, Albany's Notice of Removal was filed on March 5, 2001, within thirty days after it was served in the state court proceeding. First Fortis was served subsequent to both the removal of this case and Plaintiff's filing of his Motion to Remand. As an unserved defendant, First Fortis' non-joinder in the Notice of Removal prior to the expiration of the thirty day time period running from service upon Albany was of no significance. *Getty Oil*, 841 F.2d at 1261 n. 9 (citing *Pullman Co. v. Jenkins*, 305 U.S. 534, 59 S.Ct. 347, 83 L.Ed. 334 (1939)). Once the case was properly removed by Alba-

### B. The Well–Pleaded Complaint Rule

Removal of a case to federal court is only proper if the case originally could have been brought in federal court. *See* 28 U.S.C. § 1441(a). In this case, the Defendants claim that removal is proper because this court has federal question jurisdiction. Plaintiff responds by noting that no federal question is presented on the face of his properly pleaded Complaint.

■■■ Federal question jurisdiction requires that the action arise under the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 1331. In deciding whether a federal question exists, the court must apply the well-pleaded complaint rule whereby the court looks to the face of the complaint, rather than to any defenses asserted by the defendant. *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987). Consequently, the general rule is that a case may not be removed to federal court on the basis of a federal defense, including the defense of preemption. *See Caterpillar*, 482 U.S. at 393, 107 S.Ct. 2425.

■■■ There is, however, an exception to the well-pleaded complaint rule which the Defendants claim applies in the present case to give this court federal question jurisdiction. This exception is known as the "complete preemption" doctrine. *Id.* The doctrine of complete preemption is distinguished from a simple defense of preemption in that simple preemption is a question of whether a defense is available under federal law, while complete preemption is a jurisdictional question which focuses on Congress' intent to make the cause of action a federal cause of action and removable despite the fact that the plaintiff's complaint identifies only state claims. *Whitman v. Raley's Inc.*, 886 F.2d

1177, 1181 (9th Cir.1989). Therefore, where the removal petition demonstrates that the plaintiff's claims, although couched in the language of state law claims, are federal claims in substance, the preemptive force of federal law provides the basis for removal jurisdiction. *See Avco Corp. v. Aero Lodge No. 735, Int'l Ass'n of Machinists and Aerospace Workers*, 390 U.S. 557, 88 S.Ct. 1235, 20 L.Ed.2d 126 (1968).

■ The Supreme Court has determined that the uniform regulatory scheme established by ERISA is one area in which Congress intended to provide for complete preemption. *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 64–67, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987). Congress' intent is evidenced in the statutory provision of ERISA which provides that ERISA shall supersede state laws insofar as they may relate to any employee benefit plan. 29 U.S.C. § 1144(a). Therefore, if state law claims "relate to" an ERISA plan within the meaning of ERISA's preemption provision under 29 U.S.C. § 1144(a), the claims are converted to federal claims for the purposes of removal jurisdiction. *Taylor*, 481 U.S. at 60, 107 S.Ct. 1542.

■ In conducting its complete preemption analysis, the court is guided by the Eleventh Circuit's framework of analysis in *Butero v. Royal Maccabees Life Ins. Co.*, 174 F.3d 1207 (11th Cir.1999). In *Butero*, the court explained that the requirements of complete preemption are that there must be a relevant ERISA plan, the plaintiff must have standing to sue under the plan, the defendant must be an ERISA entity, and the complaint must seek compensatory relief akin to that available under 29 U.S.C. § 1132(a). *Id.* at 1212.

---

ny, the subsequent service of process on First Fortis did not require or permit remand on Plaintiff's motion. First Fortis had the choice

to acquiesce in the removal or file a motion to remand the proceedings. Obviously, it chose the former course of action.

There is no question here that all four elements of complete preemption are satisfied. Indeed, Plaintiff has not contested them. First, there is a relevant ERISA plan, The Albany International Disability Benefits Program, Short–Term Disability Benefit Plan, Long–Term Disability Benefit Plan. Exh. 1 (attached to Albany's Motion to Dismiss). *See Love v. Fortis Benefits Ins. Co.*, 120 F.Supp.2d 997, 1002 (M.D.Ala.2000) identifying the requirements of an ERISA employee welfare benefit plant to be: "(1) a plan, fund, or program (2) established or maintained (3) by an employer (4) for the purpose of providing disability benefits (5) to participants or their beneficiaries." (citing *Donovan v. Dillingham*, 688 F.2d 1367, 1371 (11th Cir.1982)). Second, as a potential beneficiary under the plan, Plaintiff has standing to sue. Exh. 1 (attached to Albany's Motion to Dismiss). Third, given the allegations included in Plaintiff's Complaint and the existence of an ERISA plan, Defendants are rightly considered ERISA entities for purposes of complete preemption analysis. Finally, the damages sought by Plaintiff are akin to those available under ERISA. *See Butero*, 174 F.3d at 1213; 29 U.S.C. § 1132.

The Supreme Court has stated that the words "relate to" in ERISA's preemption provision should be broadly construed in that a particular state law "relates to" an ERISA plan if the state law claim has a "connection with or reference to" an employee benefit plan. *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 96–97, 103 S.Ct. 2890, 77 L.Ed.2d 490 (1983). Such a determination must be made with a common sense view of the matter. *Metropolitan Life Ins. Co. v. Massachusetts*, 471 U.S. 724, 740, 105 S.Ct. 2380, 85 L.Ed.2d 728 (1985). Even a state law with only an indirect effect on a benefit plan can be preempted unless it affects the plan in "too tenuous, remote, or peripheral a manner." *Shaw*, 463 U.S. at 100 n. 21, 103 S.Ct. 2890.

Claims which are "related to" ERISA plans are those claims which specifically refer to and would affect an ERISA plan, would contravene the structure or purpose of ERISA, would require a construction of the benefit plan, or would mandate an interpretation of the statutory duties of one of the parties to the plan. *Consumer Benefit Ass'n v. Lexington Ins. Co.*, 731 F.Supp. 1510, 1515 (M.D.Ala.1990) (Thompson, J.). Such claims include state law claims for bad faith, breach of contract, fraud, and fraud in the inducement. *Butero*, 174 F.3d at 1215.

Under this "related to" standard, the court finds that Plaintiff's allegations are intertwined with the Defendant's refusal to pay benefits as allegedly promised. *See Garren v. John Hancock Mut. Life Ins. Co.*, 114 F.3d 186, 187 (11th Cir.1997) (noting that a state law claim relates to an ERISA plan for purposes of preemption "whenever the alleged conduct at issue is intertwined with the refusal to pay benefits."). The common thread weaving all of the claims included in Plaintiff's Complaint together is the Defendant's allegedly improper denial of benefits under the ERISA plan. With this in mind, the court concludes that Plaintiff's state law claims are completely preempted by ERISA. *See Butero*, 174 F.3d at 1215; *Love*, 120 F.Supp.2d at 1004.

### C. *The ERISA Saving Clause*

The ERISA saving clause states that "[e]xcept as provided in [the deemer clause], nothing in this subchapter shall be construed to exempt or relieve any person from any law of any State which regulates insurance ...." 29 U.S.C. § 1144(b)(2)(A). Thus, the saving clause exempts from defensive preemption any laws that regulate insurance. *See Butero*, 174 F.3d at 1212 (noting that defensive preemption originates in ERISA's express preemption provision, 29 U.S.C. § 1144(a)).

Plaintiff contends that, assuming his claims would otherwise be subject to complete preemption under ERISA, they nonetheless avoid preemption by way of ERISA's saving clause because they regulate insurance. Plaintiff relies upon *UNUM Life Ins. Co. of America v. Ward,* 526 U.S. 358, 119 S.Ct. 1380, 143 L.Ed.2d 462 (1999) to support this argument. Defendants argue that Plaintiff's position lacks any merit insofar as it relates to Counts I through IV, and this court agrees because those counts encompass claims that do not regulate the insurance industry distinctively. *See Ward,* 526 U.S. at 373, 119 S.Ct. 1380. As for Count V for bad faith, Defendants concede that case law supporting Plaintiff's argument exists, but maintain that it is in conflict with binding authority.

In *Ward,* the Supreme Court examined California's notice-prejudice rule, under which an insurer cannot avoid liability on the grounds a proof of claim is untimely, unless the insurer shows it was prejudiced by the delay. *Ward,* 526 U.S. at 363–64, 119 S.Ct. 1380. The plaintiff, John Ward, filed an untimely application for disability benefits with his insurer, and his insurer denied his claim on the basis of its untimeliness. *Id.* The Supreme Court concluded that California's notice-prejudice rule was saved from preemption under § 1144(b)(2)(A) as a regulation of insurance. *Id.* at 364, 119 S.Ct. 1380. Two district courts in this state have reasoned that application of the factors discussed in the *Ward* decision to Alabama's tort of bad faith refusal to pay insurance proceeds results in the conclusion that the tort, which is specifically directed at the insurance industry, falls within ERISA's saving clause. *See Gilbert v. Alta Health & Life Ins. Co.,* 122 F.Supp.2d 1267, 1273 (N.D.Ala.2000) (Johnson, J.); *Hill v. Blue Cross Blue Shield of Alabama,* 117 F.Supp.2d 1209, 1212–13 (N.D.Ala.2000) (Acker, J.).

While *Ward*'s reinvigoration of the saving clause is noteworthy, the decision is also important for what it did not do. *Ward* explicitly did not revisit the issue of complete preemption and the exclusivity of ERISA's civil enforcement provision, 29 U.S.C. § 1132(a). In *Pilot Life Ins. Co. v. Dedeaux,* 481 U.S. 41, 52, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987), the Solicitor General as *amicus curiae* successfully urged the Supreme Court to hold that ERISA's civil enforcement remedies were the exclusive vehicles for actions by ERISA-plan participants and beneficiaries asserting claims for benefits. Under the rule of *Dedeaux,* where a state cause of action is brought, such as Plaintiff's claim for bad faith, it is to be treated as a federal question governed by section 1132(a). *Dedeaux* holds that a state law is completely preempted if it provides a state law cause of action or remedy within the sphere of section 1132(a)'s coverage. *Id.* at 54–57, 107 S.Ct. 1549. Therefore, the saving clause alone cannot save Plaintiff's claim from preemption because Plaintiff's bad faith claim is subject to complete preemption under the civil enforcement provision of ERISA.

The Solicitor General in *Ward,* again as *amicus curiae,* altered the position taken by the United States in *Dedeaux* with regard to the issue of the exclusivity of section 1132(a) in light of the saving clause. *Ward,* 526 U.S. at 377 n. 7, 119 S.Ct. 1380. The Solicitor General took the position that *Dedeaux*'s discussion of section 1132(a) did not require a state law found to be within the saving clause to nevertheless be deemed completely preempted. *Id.* The *Ward* court noted the Solicitor General's argument, but was not required to address it because (1) the plaintiff had brought an ERISA claim for benefits in federal court; and (2) he sought only application of the state insurance law as a rule of decision and not as a remedy. *Id.* The *Ward* court's discussion of the

applicability of the saving clause was necessarily limited to the application within the context of defensive preemption. *Id.; see also Butero*, 174 F.3d at 1211–12 (discussing the difference between defensive and complete preemption).

While *Ward* surely raises some eyebrows, because it does not reach the complete preemption issue it does not alter existing law regarding complete preemption. Accordingly, even assuming for the moment that Alabama's tort of bad faith refusal to pay insurance proceeds is covered by the saving clause, Plaintiff's argument must fail. Under well-settled authority of the Supreme Court and the Eleventh Circuit, this court is bound to conclude that the Plaintiff's bad faith state law claim, which seeks remedies outside of ERISA's enforcement mechanism, conflicts with ERISA's civil enforcement provision and, therefore, is completely preempted. *Dedeaux*, 481 U.S. at 54–57, 107 S.Ct. 1549; *Butero*, 174 F.3d at 1212. Simply put, the saving clause cannot operate to save Plaintiff's bad faith claim because Alabama's tort of bad faith creates an alternative remedy for obtaining benefits under an ERISA plan. *Corporate Health Ins., Inc. v. Texas Dept. of Ins.*, 215 F.3d 526, 539 (5th Cir.2000). Because Plaintiff's claims are completely preempted, they are defensively preempted as well. *Butero*, 174 F.3d at 1215. Therefore, regardless of whether Alabama's tort of bad faith falls within the saving clause and would otherwise be safe from defensive preemption, the claim based on that tort conflicts with ERISA's enforcement provision, is completely preempted in this case, and is necessarily defensively preempted. *Accord Hardy v. Welch*, 135 F.Supp.2d 1171, 1184 (M.D.Ala.2000) (Thompson, J.); *see also Hamilton v. United Healthcare of Louisiana, Inc.*, No. CIV.A.01–585, CIV.A. 01–650, 2001 WL 536300, *4–5 (E.D.La. May 17, 2001) (holding that state law that fell within saving clause and did not conflict with any other substantive ERISA provision was not completely preempted and did not confer subject matter jurisdiction on the federal district court); *Clancy v. Employers Health Ins. Co.*, 82 F.Supp.2d 589, 596–97 (E.D.La.1999) (holding that state statute prohibiting health insurers' reduction of benefits by amount of other payments was not preempted by § 1144(a), but that claim for benefits pursuant to the statute was completely preempted because ERISA's civil enforcement provision provides the exclusive remedy available in such actions); *Parra v. John Alden Life Ins. Co.*, 22 F.Supp.2d 1360, 1364 (S.D.Fla.1998) (finding that complete preemption doctrine barred plaintiff's state law claim despite the applicability of ERISA's saving clause).

### D. *Concurrent Jurisdiction with State Court*

■ Plaintiff's last argument supporting remand is based on the existence of concurrent jurisdiction in the Circuit Court of Montgomery County over his claims. *See* 29 U.S.C. § 1132(e)(1). It is Plaintiff's position that removal was inappropriate in this case because "[t]he federal court does not have original jurisdiction over this case, but concurrent jurisdiction." Pl's Br. at 4.

The federal removal statutes explicitly contemplate concurrent jurisdiction in all cases eligible for removal. *See* 28 U.S.C. §§ 1441–1452. The court cannot reasonably construe the exception of subsection 1132(a)(1)(B) from exclusive federal jurisdiction to mean that it bestows on Plaintiff an irrevocable choice of forum. The removal statutes by their very nature take away a plaintiff's power to choose his forum in limited cases, and defendants have an absolute right to remove cases over which a federal court would have had original jurisdiction. *See* 28 U.S.C. § 1441.

Thus, by statute a federal court will order remand of a case only where the removal is not proper because of a defect in the removal procedure or because the federal court itself lacks jurisdiction. *See* 28 U.S.C.A. § 1447(c); *see also* 14C Wright, Miller & Cooper, Federal Practice and Procedure: 3d ¶ 3739 (1998). Here, the federal court has federal question jurisdiction, since all counts of Plaintiff's Complaint arise under the laws of the United States. *See* 28 U.S.C. § 1331. As long as this federal court itself possesses jurisdiction over Plaintiff's suit, the fact that the state court shares concurrent jurisdiction over the action provides no support for Plaintiff's Motion to Remand. *Robinson v. Fikes of Alabama, Inc.*, 804 F.Supp. 277, 284 (M.D.Ala.1992) (Thompson, J.). Consequently, Plaintiff's concurrent jurisdiction argument does not provide a valid basis for remand.

## V. CONCLUSION

Because Plaintiff has asserted state law claims for denial of benefits which are completely preempted by ERISA, this court has federal question jurisdiction over Plaintiff's claims. Accordingly, the Motion to Remand is due to be DENIED. In addition, because Plaintiff' claims are completely preempted, both First Fortis' Motion to Dismiss and Motion to Strike Jury Demand (doc. # 8) and Albany's Motion to Dismiss and Alternative Motion to Strike (doc. # 2) are due to be GRANTED. Plaintiff will be given an opportunity to file an Amended Complaint stating a claim under ERISA, should he choose to do so. A separate order will be entered in accordance with this Memorandum Opinion.

## ORDER

In accordance with the Memorandum Opinion entered on this date it is HEREBY ORDERED as follows:

1. The Motion to Remand (doc. # 4) filed by Plaintiff Robert S. Hooper is DENIED.

2. The Motion to Dismiss and Motion to Strike Jury Demand (doc. # 8) filed by Defendant First Fortis Life Insurance Company is GRANTED, with leave to amend.

3. The Motion to Dismiss and Alternative Motion to Strike (doc. # 2) filed by Defendant Albany International Corp. d/b/a Appleton Wire is GRANTED, with leave to amend.

4. The Plaintiff is given until August 6, 2001 to file an Amended Complaint alleging a claim under ERISA, if he chooses to do so. In the absence of such Amended Complaint being filed, this suit will be dismissed with prejudice.