**Paul Michael SATTERFIELD,**
**Plaintiff,**

v.

**FORTIS BENEFITS INSURANCE**
**COMPANY, Defendant.**

**No. CIV.A. 02–A–73–E.**

United States District Court,
M.D. Alabama,
Eastern Division.

Sept. 30, 2002.

William S. Barnes, Jr., Alexander City, Jerry M. Clayton, Alexander City, AL, for Plaintiff.

James A. Bryan, Jr., Montgomery, AL, Steven F. Casey, Birmingham, AL, for Defendant.

## MEMORANDUM OPINION AND ORDER

ALBRITTON, Chief Judge.

### I. INTRODUCTION

This cause is before the court on Plaintiff's Motion to Remand (Doc. # 3). Plaintiff filed suit in the Circuit Court of Tallapoosa County, Alabama, on December 10, 2001, asserting a claim under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 et seq., for benefits allegedly due under a long term disability policy. Defendant filed its Notice of Removal (Doc. # 1) with this court on January 17, 2002.

### II. REMAND STANDARD

Federal courts are courts of limited jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994); *Burns v. Windsor Insurance Co.*, 31 F.3d 1092, 1095 (1994); *Wymbs v. Republican State Executive Committee*, 719 F.2d 1072, 1076 (11th Cir.1983), *cert. denied*, 465 U.S. 1103, 104 S.Ct. 1600, 80 L.Ed.2d 131 (1984). They may only hear cases that they have been authorized to hear by the Constitution or the Congress of the United States. *See Kokkonen*, 511 U.S. at 377, 114 S.Ct. 1673. The Eleventh Circuit favors remand of removed cases where federal jurisdiction is

not absolutely clear. *See Burns*, 31 F.3d at 1095.

### III. FACTS

As noted, the complaint in this case was filed in the Circuit Court of Tallapoosa County, Alabama. Plaintiff brings suit only against Fortis Benefits Insurance Company, not the plan, the policyholder, or the plan administrator. On December 13, 2001, Plaintiff made service of process on Robinson Foundry, Inc. Exh. B to Def. Notice of Removal. In the summary plan description ("SPD") of Plaintiff's insurance policy, Robinson Foundry, Inc. is listed as an agent for service of process under the section heading, "General Administrative Provisions." Exh. 1 to Def. Opp. to Motion to Remand. Then, on December 18, Plaintiff made service of process on Steve F. Casey, Defendant's duly authorized agent for service of process. Defendant represents in the Notice of Removal that it was not aware that service had been made on Robinson Foundry, Inc. until it prepared the removal notice.

### IV. DISCUSSION

Plaintiff makes two contentions in support of his Motion to Remand: (1) the SPD issued to him provides that "a claim for benefits which is denied or ignored, in whole or in part," may be pursued in "state or federal court," which, Plaintiff argues, entitles him to his forum of choice; and (2) Defendant did not timely remove the case to this court pursuant to 28 U.S.C. § 1446(b).[1] Defendant counters that the language in the SPD relied on by Plaintiff does not create an absolute right

---

**1.** The only claim asserted in Plaintiff's Complaint is brought under "29 U.S.C. § 1132(a)(1)(B) for long-term disability benefits due him under the plan group policy." Complaint at ¶ 20. In Plaintiff's Brief in Support of Its Motion to Remand, however, he asserts that "[a]fter discovery is completed,

this suit likely will not be an ERISA claim, and therefore, Plaintiff preserves that issue." In any event, the court understands the parties to be in agreement that the matter before the court, at least at present, involves only an ERISA claim.

to a choice of forum, and that removal was timely with respect to the date on which Defendant was properly served.

### A. Concurrent Jurisdiction and the SPD's Statement of ERISA Rights

■ Pursuant to 29 U.S.C. § 1132(e)(1), "[s]tate courts of competent jurisdiction and district courts of the United States shall have concurrent jurisdiction of actions ..." to recover benefits due or to enforce rights under an ERISA plan. As this court previously held:

> The federal removal statutes explicitly contemplate concurrent jurisdiction in all cases eligible for removal. The court cannot reasonably construe the exception of subsection 1132(a)(1)(B) [of ERISA] from exclusive federal jurisdiction to mean that it bestows on Plaintiff an irrevocable choice of forum. The removal statutes by their very nature take away a plaintiff's power to choose his forum in limited cases, and defendants have an absolute right to remove cases over which a federal court would have had original jurisdiction. Thus, by statute a federal court will order remand of a case only where the removal is not proper because of a defect in the removal procedure or because the federal court itself lacks jurisdiction.

*Hooper v. Albany Int'l. Corp.*, 149 F.Supp.2d 1315, 1323–24 (M.D.Ala.2001) (citations omitted).

■ Plaintiff contends that a certain statement contained in the SPD issued to him constitutes a waiver of Defendant's right to remove to federal court actions brought under ERISA. The language cited by Plaintiff, "[i]f you have a claim for benefits which is denied or ignored, in whole or in part, you may file suit in a state or federal court," is contained in a section entitled "Statement of ERISA Rights." Exh. to Jensen Aff. at 26. De-

fendant argues that the inclusion of this "Statement of ERISA Rights" in the SPD is mandated under federal law, and does not constitute a substantive provision of the insurance agreement. To construe the provision otherwise, Defendant argues, would require Defendant to choose between complying with federal law regarding ERISA plans or waiving its right to remove ERISA cases pursuant to 28 U.S.C. § 1446.

Defendant's position is well taken. Pursuant to § 1024 of ERISA, the Secretary of the Department of Labor "may by regulation require that the administrator of any employee benefit plan furnish to each participant ... a statement of the rights of participants and beneficiaries under this subchapter." 29 U.S.C. § 1024. Under 29 C.F.R. § 2520.102–3(t), the Secretary has required that an SPD contain a statement of rights for the benefit of the plan participant. The regulation includes a sample statement that, if incorporated into the SPD, will bring the SPD into compliance with that particular requirement. *See* 29 C.F.R. § 2520.102–3(t)(2). Under the heading "Enforce Your Rights," the sample statement includes the sentence, "[i]f you have a claim for benefits which is denied or ignored, in whole or in part, you may file suit in a state or Federal court." *Id.* The court is not persuaded that inclusion of this language from the sample statement of rights, in order to comply with the regulation, acted as a waiver of Defendant's right to remove this case. That a plaintiff may file suit in state or federal court is wholly consistent with a defendant's right to remove cases in which the district court would have had jurisdiction had the case been originally filed there. *See Hooper*, 149 F.Supp.2d at 1323–24. Plaintiff had the right to file suit in state court and the state court would have had jurisdiction to try it. Defendant, however, also had the right to remove the

case to federal court, and has done so. Plaintiff has cited no authority for the proposition that the regulation at issue was intended to put ERISA defendants in the position of having to choose between compliance with the regulation or retaining their right to remove. Accordingly, the court determines that Plaintiff's waiver argument is without merit.

## B. Service of Process

■ As noted, Plaintiff contends that this case should be remanded because Defendant's removal was untimely. Defendant argues that it was not properly served with process until December 18, 2001, bringing its January 17, 2002 Notice of Removal within the 30–day time limit set forth in 28 U.S.C. § 1446(b). Plaintiff counters that its service of process on Robinson Foundry, Inc. on December 13, 2001 effected proper service, thereby triggering the running of the 30 days. The crux of the dispute is whether the listing of Robinson Foundry, Inc. as "Agent for Service of Legal Process" in the SPD authorized Robinson Foundry, Inc. to accept service for Defendant. *See* Exh. to Jensen Aff. at 25.

ERISA requires that an SPD contain a number of pieces of information pertaining to the benefits plan. Pursuant to 29 U.S.C. § 1022, an SPD must include "the name and address of the person designated as agent for service of legal process, if such person is not the [plan] administrator ...." This requirement is echoed by 29 C.F.R. § 2520.102–3(g). When read *in pari materia* with the other requirements as to information to be included in an SPD, it is clear that these provisions refer to an agent for service of process on a *plan.* *See* 29 U.S.C. § 1022; 29 C.F.R. § 2520.102–3.

As Defendant correctly points out, 29 U.S.C. § 1132(d)(1) provides that an ERISA plan may sue or be sued as a separate entity. Often, ERISA litigation involves a suit between a plan participant or beneficiary and the plan itself, the plan administrator, *and* a fiduciary of the plan such as an insurance company charged with evaluating the claims of plan participants. *See, e.g., Rogers v. Hartford Life and Accident Ins. Co.,* 167 F.3d 933 (5th Cir.1999).

The SPD at issue in this case does not explicitly state whether the "Agent for Service of Legal Process" refers to the agent of the plan, but it does not suggest that Robinson Foundry, Inc. is Fortis Benefits Insurance Company's authorized agent for service of process. *See* Exh. to Jensen Aff. at 25. The plan documents in fact state that no administrator, employer, or associated company is an agent of First Fortis Benefits Insurance Company. *Id.* at pages 23,1. In addition the SPD makes it clear that the name of the plan is Robinson Foundry, Inc. There is, therefore, no question that naming First Fortis Benefits Insurance Company is not the same as naming the plan, for which Robinson Foundry, Inc. is the designated agent for service of process, as a defendant.

Plaintiff's argument that the designation of the agent for service of legal process should be construed as designating an agent for Fortis Benefits Insurance Company is that Fortis Benefits Insurance Company is the administrator and decision maker for the plan. The plan administrator, however, is clearly listed in the SPD as Robinson Foundry, Inc., although it does appear that Fortis Benefits Insurance Company made the benefits decisions. To the extent that Plaintiff intended to sue the plan administrator or the plan itself, Plaintiff has simply named the wrong entity in the Complaint. The entity that has been named by Plaintiff, however, has not designated Robinson Foundry, Inc. as its agent for service of process. A contrary

construction, as Defendant argues, would mean that an insurer of benefits of ERISA Plans which had complied with federal law in designating the agent for service of process for the plan would also itself be considered to have as many agents for service of process as were designated in those insurance contracts.

Further, in a case, such as this one, where the insurance company is not notified by the designated agent for service of process for the plan of a complaint filed against the insurance company, the insurance company's rights to removal would begin to run before it is aware that suit has been brought against it. The United States Supreme Court has cautioned against such an approach, stating that it would be a strange result "to set removal apart from all other responsive acts, to render removal the sole instance in which one's procedural rights slip away before service of a summons, i.e., before one is subject to any court's authority." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 119 S.Ct. 1322, 143 L.Ed.2d 448 (1999). This court must conclude, therefore, that service of process on Robinson Foundry, Inc. was not sufficient service of process on Defendant.

Under Alabama law, proper service of process on a nonresident insurance company may be made by service on the company's authorized agent or on the Commissioner of Insurance. *See* Ala.R.Civ.Pro. 4; *Ala.Code* § 27–3–24 (1998) (requiring an insurance company to appoint the Commissioner of Insurance as an agent for service of process in order to obtain authority to transact business in the state); *Ala.Code* § 27–3–25 (1998). Plaintiff implicitly recognized this by serving process on Defendant's authorized agent after process had been served on Robinson Foundry, Inc. Accordingly, the court finds that the 30 day time limit for removal of the case did not start to run until Plaintiff effected proper service on Defendant, which was on December 18, 2001, and therefore, Defendant's Notice of Removal was timely. *See* 28 U.S.C. § 1446(b).

Plaintiff requests that the court remand this case "in compliance with this Court's opinion" in *Cooperative Benefit Administrators, Inc. v. Whittle*, 989 F.Supp. 1421 (M.D.Ala.1997). The court fails to see how this case is relevant to the issues at hand, and without any guidance from Plaintiff as to the applicability of *Whittle*, finds Plaintiff's request to be without merit.

## V. CONCLUSION

For the foregoing reasons, the court determines that this case was properly removed. Accordingly, it is hereby ORDERED that Plaintiff's Motion to Remand (Doc. # 3) is DENIED.